McKinney, J.
delivered the opinion of the court.
We are of opinion that the unlimited discretion with which the county court is invested by the act of 1842, eh. 191, sec. 1, to adjudge whether or not it Would be consistent with the interest and policy of the State to permit any manumitted slave or free person, of color, to reside in this State, is not subject to the supervision or control of the superior judicial tribunals.
The assent of the Government to the emancipation of a slave, as also to his admission as a member of the community, is held to be the exercise of an act of sovereign power, and in giving such assent, in either instance the county court acts alone in virtue of the sovereign authority conferred by statute.
. The power delegated in such cases, is a political rather than a judicial power — and in its exercise the courts *516 act, not in a judicial capacity, but as the deputed agent or representative of the State. As such, the county court possesses the exclusive and unrestricted discretion to determine whether or not the person making the application, “ ought to be permitted to reside in the county ” in which such application is made, and “ may grant such privilege,” upon the condition prescribed in the statute, or refuse it, as in the judgment of the court, in the particular case, may be deemed proper — and from such determination, no appeal will lie, however unreasonable may have been the exercise of the discretion. As we have no power to interpose in this case, it would avail nothing to show, as we think might easily be done, that in acceding to the prayer of the petitioner, the liberal and humane views of the legislature would have been better effectuated by the county court.
The refusal of the county court in this instance, however, will not preclude the petitioner from renewing her application to the same court, or to the court of any other county in the State.
There is no error in the judgment of the circuit court.